1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE K. SNODGRASS, State Bar #148137
   SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorney
   City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4691
   Facsimile:     (415) 554-4747
6  E-Mail:        sherri.sokeland.kaiser@sfgov.org

7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO

9

10
                      UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13 | LAFAYETTE S. JAMERSON, as an individual and dba JAMERSON CONTRACTORS, a licensed CaliforniaGeneral Contractor; ELIZABETH G. JAMERSON; ALICE R. LANE, Conservator for Elizabeth Jamerson; ALICE R. LANE, as an Individual and as intended beneficiary; and the entire Jamerson Family, | Case No. C-01-4336 VRW

**DEFENDANTS' STATUS REPORT**

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO through Frank Y. Chiu, Director, Dept. of Building Inspection; LAWRENCE BADINDER ,Zoning Administrator*;* Arnold Y.K. Chin, President Board of Appeals, San Francisco; and Does 1-100 inclusive,

Defendants.

On February 21, 2007, this Court ordered the parties to provide a status report because this case has been inactive since the Court granted in part and denied in part the City and County of San Francisco's motion for summary judgment in February 2006.

## I.     BACKGROUND

Pro se plaintiffs Elizabeth Jamerson, her conservator Alice Lane, and her son Lafayette Jamerson filed a complaint against the City and various officials on November 20, 2001, seeking to void a February 28, 2001 decision by the San Francisco Board of Appeals that plaintiff Elizabeth Jamerson had abandoned a Limited Commercial Use license (LCU) for her property located at 1592-94 Golden Gate Avenue in San Francisco.  Plaintiffs filed a First Amended Complaint ("FAC") on July 22, 2002, and first served defendants on May 28, 2003.  The First Amended Complaint challenges the correctness of the Zoning Administrator's determination that Ms. Jamerson had abandoned her LCU.  It also challenges of the constitutionality of the appeal process before the Board of Appeal, alleging race discrimination and denial of due process under 42 U.S.C. § 1983.

On April 14, 2005, after the close of discovery and in compliance with the dispositive motion deadline set by the Court, the City filed a motion for summary judgment on the ground that all claims were precluded by the findings in the Board of Appeal's decision, which plaintiffs failed to challenge in state court. On February 27, 2006, the Court granted summary judgment in favor of the City on all claims except to the extent that the §1983 claims alleged "that the City discriminated against plaintiffs and violated their due process rights when they appeared before the Appeals Board . . . because this issue could not have been decided by the Appeals Board."  Order at 7:13-16.  The Order further states that it "does not foreclose the City from moving for summary judgment if justified on a different ground than that proffered here." *Id.* at 8:5-7.

The Order also recited the plaintiffs' repeated failures to comply with Civil Local Rule 3-9(a), which provides:

> (a) Natural Person Appearing *Pro Se*.  Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court.  A person representing him or herself is bound by the Federal Rules, as well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

Indeed, it appears that the only filings that have ever been personally signed by all three pro se plaintiffs are the initial and First Amended Complaints. Lafayette Jamerson alone appeared in all other regards.

## II. CURRENT STATUS

This matter was reassigned from Deputy City Attorney Martin Greenman to Deputy City Attorney Sherri Sokeland Kaiser on April 24, 2006. Plaintiff Lafayette Jamerson filed a "Receipt and Acknowledgment of Change of Counsel" on May 9, 2006, in which he states, "This Court have recognized my status as ProSe and Plaintiff intend to clarify his status as prose where my interest in the preservation of assets of the Jamerson family." There have been no other filings or communications between the parties.

## III. REQUEST FOR ORDERS TO SHOW CAUSE

Because plaintiffs Elizabeth Jamerson and Alice Lane (first and) last appeared in this action in 2002, the City requests that the Court issue them orders to show cause why their claims should not be dismissed. Alternatively, the Court has the authority to dismiss their claims outright for their failure to conform to Local Rule 3-9(a).

The City also requests that the Court issue to plaintiff Lafayette Jamerson an order to show cause why he has standing to pursue the remaining federal claims on his own behalf, given that he was not a party in the proceedings before the Board of Appeal. Alternatively, the Court has the authority and perhaps even the duty to dismiss Mr. Jamerson's claims sua sponte on this basis. Fed. R. Civ. P. 12(h)(3); *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("The district court had both the power and the duty to raise the adequacy of Bernhardt's standing sua sponte.").

## IV. REQUEST FOR MODIFICATION OF THE CASE MANAGEMENT SCHEDULE

In the event that the Court determines that any plaintiffs are still properly before it, the City requests modification of the Case Management Schedule to allow it the opportunity to file a dispositive motion on the remaining claims on a basis other than preclusion. As the City understands the relevant allegations in the FAC, the race discrimination before the Board of Appeals allegedly consists of "votes along racial lines," and the due process violation allegedly consists of Board action

1 taken on the basis of the majority of votes of a quorum of commissioners rather than a simple
2 majority of commissioners.  FAC 11-12.  The City believes that these allegations fail to state a claim
3 and reserves the right to argue further grounds for judgment in its favor in a dispositive motion.  The
4 City requests a motion filing deadline that is at least 30 days after this Court's determination, if any,
5 of its continuing subject matter jurisdiction.  If the Court declines to make such a determination on its
6 own motion, then the City requests a motion filing deadline that is at least 30 days after the filing date
7 of the Order setting the deadline.

8 Dated:  March 14, 2007

```
                              DENNIS J. HERRERA
                              City Attorney
                              WAYNE K. SNODGRASS
                              SHERRI SOKELAND KAISER
                              Deputy City Attorneys


                         By:_____/s/_____
                              SHERRI SOKELAND KAISER

                              Attorneys for Defendants
                              CITY AND COUNTY OF SAN FRANCISCO
```