IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE S JAMERSON, et al, | No   C 01-4336 VRW |
| Plaintiffs, | ORDER |
| v | |
| CITY AND COUNTY OF SAN FRANCISCO, et al, | |
| Defendants. | |

Plaintiffs allege that the City and County of San Francisco ("City") discriminated against them and improperly terminated plaintiff Elizabeth Jamerson's limited commercial use license. Doc #1; Doc #7 (First Amended Complaint). On February 27, 2006, the court granted the City's motion for summary judgment as to plaintiffs' state law claims and denied the City's motion as to plaintiffs' federal claims. Doc #42.

On March 14, 2007, defendants submitted a status report requesting an order to show cause why the action should not be dismissed for (1) failure to conform to Civil Local Rule 3-9(a) and (2) plaintiff Lafayette Jamerson's lack of standing.  Doc #47. Defendants requested that if the court does not issue an order to show cause, the court should set a deadline for defendants to file a dispositive motion on plaintiffs' remaining federal claims.

That same day, plaintiff Lafayette Jamerson submitted a "status report" and a proposed second amended complaint (SAC).  Doc #46.  The proposed SAC appears to raise federal and state claims stemming from proceedings in California Probate Court that occurred after the filing of the first amended complaint.  The SAC also names Lafayette Jamerson as the sole plaintiff, apparently dropping Elizabeth Jamerson and Alice Lane.  This is plaintiff's second attempt to file a SAC – the court denied plaintiff's first request (see Doc #30) because plaintiff did not submit a copy of the proposed amended complaint, in violation of Civil Local Rule 10-1. Plaintiff avoided that problem this time around by submitting a copy of his proposed SAC, but his proposed pleading violates Rule 10-1 for a different reason.  Plaintiff's proposed SAC "incorporate[s] by reference" the first amended complaint. Doc #46 at 2.  Plaintiff believes such incorporation is permitted under Federal Rule of Civil Procedure 10(c), but Civil Local Rule 10-1 states that any proposed amended pleading "must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  On the other hand, plaintiff's proposed complaint is more likely a supplemental pleading under Fed R Civ P 15(d) rather than an amended pleading under Rule 15(a), and

Local Rule 10-1 does not apply on its face to a supplemental pleading.

Currently before the court is plaintiffs' first amended complaint, filed in April 2002. If plaintiffs wish to file a supplemental pleading under FRCP 15(d) or an amended complaint under FRCP 15(a)(2), then plaintiffs must make a motion requesting permission to do so. Plaintiffs may not simply attach a proposed pleading to a status report. Accordingly, the court disregards plaintiffs' proposed second amended complaint and focuses entirely on plaintiffs' first amended complaint.

The docket sheet shows that neither party has taken any action in this case in the last twelve months. Accordingly, plaintiffs are ordered to show cause in writing by April 10, 2008, why this case should not be dismissed for failure to prosecute the first amended complaint. See <u>Oliva v Sullivan</u>, 958 F2d 272, 273-74 (9th Cir 1992) (holding that a district court has inherent authority to dismiss an action sua sponte for failure to prosecute).

IT IS SO ORDERED.

/s/ VRW

VAUGHN R WALKER
United States District Chief Judge